**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4277**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

MARC ASHLEY BARNES,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:10-cr-00055-RLV-DCK-1)

─────────────

Submitted: October 2, 2012          Decided: October 11, 2012

─────────────

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Henderson Hill, Executive Director, Joshua B. Carpenter, Assistant Federal Defender, Asheville, North Carolina, Ann L. Hester, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marc Ashley Barnes pled guilty without a plea agreement to one count of unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 120 months in prison. Barnes' presentence investigation report determined that a cross-reference to the kidnapping Guideline was appropriate. Although Barnes objected to the Guideline's application, the district court overruled Barnes' objection. Barnes' sole argument is that the district court committed procedural sentencing error when it allegedly failed to make factual findings on each element necessary for the cross-reference's application. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

2

chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless the court can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576-77.

Although the Government urges us to review Barnes' assignment of error for plain error, we find that the district court committed no error, plain or otherwise, when it provided its rationale for applying the cross-reference to the kidnapping Guideline. Admittedly, as part of this court's review of the procedural reasonableness of a particular sentence, we have stressed the importance of an adequate explanation for a sentencing decision. See United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010) (observing that a sentencing court must provide "a sufficient explanation of its rationale" in making factual findings to support its calculation of a defendant's Guidelines range); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that a sentencing court is obliged to "place on the record an individualized assessment based on the

particular facts of the case before it") (internal quotation marks omitted).

An adequate explanation of such a rationale not only "allows for meaningful appellate review, but it also promotes the perception of fair sentencing." Carter, 564 F.3d at 328 (internal quotation marks and brackets omitted). Thus, as Barnes correctly asserts, we require a district court to make factual findings necessary to justify application of a Guidelines provision, and its failure to do so may require vacatur of a resulting sentence. See United States v. Llamas, 599 F.3d 381, 388-90 (4th Cir. 2010); United States v. Chandia, 514 F.3d 365, 376 (4th Cir. 2008))). We have reviewed the record and have considered the parties' arguments and conclude that the district court adequately explained its rationale for overruling Barnes' objection to application of the kidnapping Guideline.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4